IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| RICARDO SALAS MELO<br>Plaintiff<br><br>v.<br><br>METRO SANTURCE, INC., doing business as HOSPITAL PAVIA SANTURCE; GRISELDA MELENDEZ CALERO; JOHN DOE; JANE DOE; CORPORATION ABC and INSURANCE COMPANIES A, B, C, D AND E<br>Defendants | CIVIL NO:<br><br><br><br>Disability Discrimination; Damages; Retaliation; Constructive Discharge<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiff, Ricardo J. Salas Melo ("Mr. Salas Melo"), through the undersigned counsels, and very respectfully **STATES**, **ALLEGES** and **PRAYS** as follows:

### I. NATURE OF THE ACTION

1. This is an action for damages, injunctive and equitable relief brought pursuant to the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. as amended by the ADAAA; Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A., §§ 5141-5142; Puerto Rico Act No. 80 of May 30, 1976, as amended ("Act 80"), 29 L.P.R.A. §§ 185a–185m; and the Puerto Rico Disability Anti-Discrimination Act, as amended., 1 L.P.R.A. § 501, *et seq*.

### II. JURISDICTION

2. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, since it is an action arising under the Constitution and laws of the United States to recover damages resulting from the deprivation of Mr. Salas Melo's federal rights and privileges.

3. The Court has supplemental jurisdiction over the claims asserted by Mr. Salas Melo pursuant to 28 U.S.C. §1367, because they are so related to the claims upon which the

Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue lies properly within this district pursuant to 28 U.S.C. §1391, since one or more of the defendants reside in Puerto Rico and the events giving rise to the claims occurred in the Commonwealth of Puerto Rico.

### III.  PARTIES

5. Mr. Salas Melo is of legal age, single, chef and resident of San Juan, Puerto Rico.

6. His address is: Urb. Haciendas de Carraízo, 5 Street E-12, San Juan, Puerto Rico 00926. His telephone number is (787) 328-7305.

7. Mr. Salas Melo is a professional cook who, for the relevant periods narrated in this Complaint, worked as an employee of co-defendant Metro Santurce, Inc., who did business as Hospital Pavía Santurce (hereafter, "Hospital Pavía Santurce").

8. Mr. Salas Melo has a record of mental impairment or disability.

9. Mr. Salas Melo is a recovered addict to controlled substances, which renders him as having a mental impairment and/or disability that substantially limits one or more of his major life activities including, but not limited to, working, learning, concentrating and general social interactions.

10. At all relevant times to this Complaint, Mr. Salas Melo was not under the influence of any illegal substances of any kind.

11. Hospital Pavía Santurce is a corporation organized pursuant to the laws of the Commonwealth of Puerto Rico, with its principal place of business at 1462 Profesor Augusto Rodriguez Street, San Juan, Puerto Rico 00908.

12. Co-defendant also operates a place of public accommodation within the meaning of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12181(7)(F).

13. At all relevant times to this Complaint, Hospital Pavía Santurce has had more than 500 employees.

14. At all relevant time of this Complaint, co-defendant Griselda Meléndez Calero ("co-defendant Meléndez Calero") was, and is, the Director of the Foods and Nutrition Department at Hospital Pavía Santurce.

15. At all relevant times to this Complaint, co-defendant Meléndez Calero was Mr. Salas Melo's direct supervisor.

16. Hospital Pavía Santurce is responsible for the discrimination perpetuated by co-defendant Meléndez Calero against Mr. Salas Melo, as narrated subsequently herein.

17. John Doe is a fictitious name used to refer to the person or persons, natural or juridical, whose name(s) is(are) presently unknown, who participated in the acts of discrimination against Mr. Salas Melo and who are also liable to him for the damages he suffered.

18. Jane Doe is a fictitious name used to refer to the person or persons, natural or juridical, whose name(s) is(are) presently unknown, who participated in the acts of discrimination against Mr. Salas Melo and who are also liable to him for the damages he suffered.

19. Corporation ABC is a fictitious name used to refer to the person or persons, natural or juridical, whose name(s) is(are) presently unknown, who participated in the acts of discrimination against Mr. Salas Melo and who are also liable to him for the damages he suffered.

20.     Co-defendant Insurance Companies "A", "B", "C", "D", and "E" are fictitious names given for those insurance companies whose real names are presently unknown, but who provided insurance coverage to each of the individual defendants included in the instant Complaint and, in doing so, are liable for their negligent actions and/or omissions.

21.     At all relevant times to this Complaint, the Defendants knew that Mr. Salas Melo has a disability and had sought treatment for the same.

## IV.   FACTS

22.     Mr. Salas Melo began working as a cook at Hospital Pavía Santurce in 2008.

23.     Due to problems with his addiction, his performance at work suffered and, as such, on or around May 2010, Mr. Salas Melo was dismissed from his job at Hospital Pavía Santurce.

24.     Thereafter, Mr. Salas Melo entered a drug rehabilitation treatment center – Silo Misión Cristiana, Inc. – on May 10, 2010.

25.     Mr. Salas Melo complied with the requirements of his drug rehabilitation program and, as such, was satisfactorily released from the treatment center on June 18, 2011.

26.     Shortly thereafter, Mr. Salas Melo started working once again at Hospital Pavía Santurce, under the supervision of co-defendant Meléndez Calero.

27.     As a cook at Hospital Pavía Santurce, Mr. Salas Melo's duties included food preparation following established menus for patients, employees, administrators and different activities hosted by the institution.

28.     At the time he was hired by co-defendant Hospital Pavía Santurce, Mr. Salas Melo was required to take a drug test, which he did voluntarily.

29. The results of said drug test showed that Mr. Salas Melo was not under the influence of any illegal substances of any kind

30. Immediately upon beginning work at Hospital Pavía Santurce, Mr. Salas Melo could perceive co-defendant Meléndez Calero was marginalizing him and that she treated him differently compared to other cooks in his department.

31. Mr. Salas Melo strived to perform at the best of his capacities professionally, performing his duties as a cook to the best of his abilities.

32. Mr. Salas Melo worked well with all of his colleagues, with the exception of his Supervisor co-defendant Meléndez Calero.

33. Co-defendant Meléndez Calero displayed an unjust, hurtful and mistreating attitude toward Mr. Salas Melo, going so far as to make comments in the workplace that he was a drug addict, that he was under the influence of drugs and other denigrating and disparaging remarks to that effect.

34. The comments made by co-defendant Meléndez Calero were completely unwarranted and without cause, as he had sought treatment for his disability, was rehabilitated, and, thus he does not longer uses controlled substances.

35. The behavior displayed by co-defendant Meléndez Calero and her undue discriminatory comments towards Mr. Salas Melo created a hostile work environment.

36. Additionally, her behavior caused Mr. Salas Melo to suffer anxiety, panic attacks and a lack of desire to go to work for fear that co-defendant Meléndez Calero would continue this discriminatory behavior.

37. The damage caused upon Mr. Salas Melo was such that he was forced to see a mental health professional and take the prescribed medication for his anxiety.

38. Mr. Salas Melo was compelled to file a complaint before the Anti-Discrimination Unit of the Puerto Rico Department of Labor and Human Resources ("UAD").

39. Following the filing of said complaint, work conditions worsened and an all ready hostile environment became further poisoned by co-defendant Meléndez Calero's behavior.

40. On multiple occasions, co-defendant Meléndez Calero met with the other cooks on staff and excluded Mr. Salas Melo from participating in said meetings.

41. Elsewhere, on March 30, 2015, at an activity held for medical insurance companies – an activity that generally falls under Mr. Salas Melo's charge – co-defendant Meléndez Calero maliciously excluded him from his kitchen duties, which were thereafter assigned to other cooks.

42. Events like the foregoing not only make Mr. Salas Melo look bad in the eyes of his co-workers, but also with his employer as well.

43. Co-defendant Meléndez Calero also frequently made comments indicating that Mr. Salas Melo was ingesting controlled substances and/or under the effects of illegal drugs, which is completely false.

44. Co-defendant Meléndez Calero often made these types of comments in the presence of other cooks and/or employees.

45. On one occasion, Mr. Salas Melo was having problems with the work puncher that he used to check in for his shift – which was not properly registering his entrances and exits from work – and therefore his salary did not properly reflect the hours worked.

46. When he communicated this matter to the co-defendant and requested an investigation, she told him that the only option was to verify the security cameras, something she never did despite having told Mr. Salas Melo that she would.

47. The above-indicated situation represented a financial loss for Mr. Salas Melo, who worked hours and/or shifts for which he was not compensated, as a direct and proximate result of co-defendant Meléndez Calero's inaction.

48. Later, on October 1, 2015, Mr. Salas Melo was part of a complex hospital activity that required extensive planning and preparation, reason for which his co-workers helped him.

49. When co-defendant Meléndez Calero found out that co-workers were assisting Mr. Salas Melo in this activity, she ordered them not to help him.

50. The purpose of such an order on behalf of the co-defendant was to make Mr. Salas Melo appear incompetent and unable to handle an activity of that nature.

51. Mr. Salas Melo's co-workers refused to follow said order from co-defendant, as they had knowledge of the discriminatory treatment she exemplified towards the plaintiff.

52. Moreover, co-defendant Meléndez Calero has also tried provoking Mr. Salas Melo into behaving in such a way that would justify her taking an unwarranted disciplinary action. However, Mr. Salas Melo has nonetheless maintained proper work decorum.

53. Notwithstanding, co-defendant Meléndez Calero took unwarranted disciplinary actions against Mr. Salas Melo, including, but limited to, suspending him from work as a result of a medically justified absence.

54. On October 16, 2016, Mr. Salas Melo filed a labor complaint before the Equal Employment Opportunity Commission ("EEOC") for illegal discriminatory practices and retaliations.

55. Shortly thereafter, the complaints filed before the EEOC and the UAD were consolidated on October 19, 2015.

56. The behavior exemplified by co-defendant Meléndez Calero towards Mr. Salas Melo has always been completely different than her behavior with regards to all other employees of Hospital Pavía Santurce.

57. The behavior exemplified by co-defendant Meléndez Calero towards Mr. Salas Melo was without cause or justification, beyond his disability.

58. In fact, the situation at work became progressively worse for Mr. Salas Melo.

59. Faced with such a hostile environment at work, Mr. Salas Melo had no other option but to resign, which he did on March 18, 2016.

60. Defendants' actions constitute a wrongful dismissal pursuant to Act 80.

61. On April, 18, 2016, the EEOC issued a "Notice to Suit Rights", a copy of which is included with this Complaint. *See*, **Attachment I**.

## V.  JURY DEMAND

62. Mr. Salas Melo demands trial by jury as to all causes of action and claims for relief enumerated herein.

## VI. FIRST CLAIM FOR RELIEF
### Disability Discrimination

63. Mr. Salas Melo realleges as if fully set forth herein, paragraphs 1-62 (both included).

64. Mr. Salas Melo is an individual with a disability who without reasonable modification of Hospital Pavía Santurce's rules, policies or practices, met the essential eligibility requirements for employment in the Food and Nutrition Department of said institution.

65. Hospital Pavia Santurce is a covered entity in accordance with the ADA, 42 U.S.C. §12111.

66. Mr. Salas Melo is a qualified individual with a disability as defined by Chapter I of the ADA, 42 U.S.C. §12111.

67. Mr. Salas was and is qualified to work as a cook in the Food and Nutrition Department of Hospital Pavía Santurce.

68. By virtue of the discrimination perpetuated against Mr. Salas Melo, the defendants have excluded him from participation in – and denied the benefit of – work progression, professional development and a healthy work environment, subjecting him instead to discrimination in an institution receiving federal financial assistance.

69. Defendants actions toward the Mr. Salas Melo created a hostile work environment that affected his physical and mental health.

70. As a direct and proximate result of defendants actions and inactions directed at Mr. Salas Melo, he has suffered and continues to suffer damages, including but not limited to: loss of the opportunity to advance in his career, emotional distress, anxiety, humiliation, and general inconvenience.

71. As a result of defendants' actions, Mr. Salas Melo emotional condition deteriorated and he suffered, and continues to suffer, humiliation, intense emotional pain and mental anguish.

72. The above stated damages are estimated in an amount in excess of **$1,000,000.00**.

### VII.    SECOND CLAIM FOR RELIEF
#### Retaliation

73. Mr. Salas Melo realleges as if fully set forth herein, paragraphs 1-72 (both included).

74. Defendants retaliated against Mr. Salas Melo because he demanded his rights under the ADA and opposed the practices and policies that he believed violated said statute by filing charges before the UAD and the EEOC.

75. Defendants' retaliation against Mr. Salas Melo violated the anti-retaliation provisions of the ADA, making defendants liable to the plaintiff for the damages caused by their conduct. Defendant's conduct caused severe emotional pain and mental anguish to him.

76. As a result of defendants' actions, Mr. Salas Melo emotional condition deteriorated and he suffered, and continues to suffer, humiliation, intense emotional pain and mental anguish.

77. The above stated damages are estimated in an amount in excess of **$500,000.00**.

78. Defendants are liable to Mr. Salas Melo under the ADA in the amounts set forth in paragraphs above as well as costs and attorneys' fees.

## VIII.   THIRD CLAIM FOR RELIEF
### Discrimination under Puerto Rico law

79. Mr. Salas Melo realleges as if fully set forth herein, paragraphs 1-78 (both included).

80. Puerto Rico's Act No. 44 of July 2, 1985, 1 L.P.R.A. §501 *et seq.*, prohibits discrimination against disabled persons and requires that employers and educational institutions make efforts to reasonably accommodate a person's disability.

81. Defendants were aware, or should have been aware, of Mr. Salas Melo disability.

82. Rather than treating Mr. Salas Melo with the respect and dignity reasonably owed to any employee, defendants subjected him to an unlawfully discriminatory environment that caused him suffering, humiliation, intense emotional pain and mental anguish.

83. Persons such as Mr. Salas Melo who are victims of disability discrimination are entitled to recover the damages sustained pursuant to article 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A. §§5141-5142.

84. Defendants' actions were in violation of the laws of Puerto Rico including, but not limited to, the Puerto Rico Anti-Discrimination statutes, as their conduct caused intense humiliation, emotional pain and mental anguish to Mr. Salas Melo.

85. These damages are estimated in excess of **$1,000,000.00**, which under state law are automatically doubled.

### VII.   FOURTH CLAIM FOR RELIEF
### Constructive Dismissal

86. Mr. Salas Melo realleges as if fully set forth herein, paragraphs 1-84 (both included).

87. Faced with a hostile environment at work, and under duress from the continuing discriminatory practices perpetuated against him, Mr. Salas Melo was forced to resign from his job on March 18, 2016.

88. This conduct of the defendants constituted a constructive dismissal, which is expressively forbidden by Act 80.

89. Therefore, the defendants are bound by law to pay an allowance to Mr. Salas Melo pursuant to the aforementioned Act.

90. The last highest salary earned by the Mr. Salas Melo was *$8.33* per hour or $1,443.87 per month or the equivalent of a full time basis.

91. As such, the allowance owed to Mr. Salas Melo amounts to the sum *$2,887.74*, plus a progressive penalty of *$1,332.80*, for a total sum of **$4,220.54**.

92. The defendants must also be ordered to meet the 15% or 25% with respect to legal fees, calculated based on the amount awarded to Mr. Salas Melo, or, alternatively, an amount for concept of attorney's fees based on a basic rate of $150.00 per hour of service, whichever amount is greater, as permitted under Puerto Rico law and established by the Puerto Rico Supreme Court

in <u>Hernandez Maldonado v. Taco Maker</u>, 181 D.P.R. 281 (2011), and <u>Lopez Vicil v. ITT Intermedia, Inc.</u>, 143 D.P.R. 574 (1997).

**WHEREFORE**, Mr. Ricardo J. Salas Melo respectfully request that this Honorable Court enter Judgment in his favor and against the Defendants, jointly and severally, awarding the amounts set forth above, plus costs, pre- and post-judgment interest, attorney's fees and any other relief that may be deemed just and appropriate.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 14th day of July, 2016.

**López Rodríguez & Montalvo Palerm**
*Attorneys for Ricardo J. Salas Melo*
256 Fortaleza Street
San Juan, Puerto Rico 00901
Telephone: (787) 413-8514
Facsimile: (787) 777-1350

*/s/ Bristol A. López Rodríguez*
BRISTOL A. LÓPEZ RODRÍGUEZ
*USDC-PR No. 230514*
*Bar Association No. 19,379*
bristol@lrmplaw.com

*/s/ Saúl Suárez Flores*
SAÚL SUÁREZ FLORES
*USDC-PR No. 300307*
saul@lrmplaw.com
